**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| ROBERT CLOUGH, II, individually and on behalf of a class of all persons and entities similarly situated, | : : : : | Case No. 2:25-cv-271 |
| Plaintiff, | : : | **JURY TRIAL DEMANDED** |
| v. | : : | |
| NATIONAL ADMINISTRATIVE SERVICE CO., LLC and PELICAN INVESTMENT HOLDING, LLC, | : : : : | |
| Defendants. | : | |

**CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY DAMAGES, AND REQUEST FOR INJUNCTIVE RELIEF**

**Preliminary Statement**

1. Plaintiff Robert Clough, II ("Plaintiff" or "Mr. Clough") brings this action under the TCPA alleging that Defendant National Administrative Service Co., LLC ("National Administrative") hired Defendant Pelican Investment Holding, LLC ("Pelican"), who made telemarketing calls for purposes of promoting its goods and services without prior express written consent to individuals that were listed on the National Do Not Call Registry.

2. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

3. A class action is the best means of obtaining redress for Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

4. Plaintiff Robert Clough is an individual.

- 1 -

5. Defendant National Administrative Service Co., LLC is an Ohio limited liability company headquartered in this District.

6. Defendant Pelican Investment Holding, LLC is a Florida limited liability company.

### Jurisdiction & Venue

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 56 U.S. 368 (2012).

8. The Court has personal jurisdiction over National Administrative because its principal place of business is in this District.

9. The Court has personal jurisdiction over Pelican because it signed an agreement with National Administrative subject to the laws of the State of Ohio and had a reasonable expectation that any disputes relating to that agreement, including the telemarketing calls made for National Administrative under that agreement, would be litigated here.

10. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant National Administrative is a resident of this District.

### TCPA Background

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry**

12. The TCPA also prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the National Do Not Call Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

16. National Administrative sells vehicle service warranty contracts.

17. To sell these services, National Administrative relies on telemarketing conducted by third parties, including Pelican.

<u>Calls to Plaintiff</u>

18. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

19. Mr. Clough's telephone number, (603) 731-XXXX, is a residential number.

20. Mr. Clough's telephone number was on the National Do Not Call Registry, and had been for more than 30 days, when it was called by Defendants.

21. Mr. Clough's telephone number is primarily used for personal purposes and is not associated with a business.

22. Mr. Clough received multiple telemarketing calls from Pelican for National Administrative, including in June 2024.

23. All of the calls came from Caller ID (786) 936-2549.

24. Multiple individuals have complained about receiving telemarketing calls from that number. *See, e.g.,* ROBOKILLER, https://lookup.robokiller.com/p/786-936-2549 (last visited Mar. 14, 2025).

25. The calls were received on June 26, 27 (twice), and 28 (twice), 2024.

26. During the last call, which Plaintiff answered, Pelican offered the car warranty of National Administrative.

27. Pelican stated that the warranty would cost $99 down and then be $110 a month.

28. Following up on the call, Plaintiff received an e-mail from "Pelican" on June 28, 2024 at 2:15.

29. He was subsequently sent the policy from National Administrative.

30. The call invaded Plaintiff's privacy and intruded upon his right to seclusion.

31. Plaintiff did not consent to receive Defendants' calls prior to the receipt of the unsolicited conduct.

### National Administrative's Liability for Pelican's Calling Conduct

32. For twenty-five years, the Federal Communications Commission ("FCC") has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Reguls. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397, ¶ 13 (1995).

33. On May 9, 2013, the FCC released a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers."[1]

34. In that ruling, the FCC instructed that sellers such as National Administrative may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*May 2013 FCC Ruling*, 28 FCC Rcd. at 6588, ¶ 37 (internal citations omitted).

35. Pelican was contractually required to promote National Administrative services on its telemarketing calls in order to make sales and did so, as it did with Plaintiff.

36. Moreover, National Administrative maintained interim control over Pelican's actions.

37. Pelican only called telephone numbers in approved geographic regions.

38. National Administrative was aware that Pelican had engaged in telemarketing alleged to have violated the TCPA prior to the call to Mr. Clough.

---

[1] *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6574, ¶ 1 (2013) ("May 2013 FCC Ruling").

39. National Administrative had previously received correspondence alleging that Pelican was engaging in illegal telemarketing conduct on its behalf.

40. Despite this, National Administrative still continued its relationship with Pelican.

41. As a result, the calls to Mr. Clough, and other individuals, occurred.

## Class Action Allegations

42. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

43. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **National Do Not Call Registry Class**: All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from or on behalf of Pelican or National Administrative (3) within a 12-month period, (4) from four years prior to the filing of the Complaint.

44. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class, as he has no interests that conflict with any of the Class members.

45. Plaintiff and all members of the Class have been harmed by the acts of the Defendants, including but not limited to the invasion of their privacy.

46. This Class Action Complaint seeks money damages.

47. The Class as defined above is identifiable through dialer records, other phone records, and phone number databases.

48. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each of the Class.

49. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

50. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

51. There are well defined, nearly identical questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over questions which may affect individual class members because of the uniformity of the telemarketing conduct.

52. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   (a) whether National Administrative is vicariously liable for the conduct of Pelican;

   (b) whether multiple telemarketing calls were made promoting Defendants' goods or services to members of the Class;

   (c) whether the telemarketing calls at issue were made to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

   (d) whether Defendants' conduct constitutes a violation of the TCPA; and

   (e) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

53. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

54. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class

members, which will be ascertainable from records maintained by Defendants and/or their agents.

55. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

### FIRST CAUSE OF ACTION
**Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(c)(5), *et seq*. and 47 C.F.R. § 64.1200(c))**
**(On behalf Plaintiff and the National Do Not Call Registry Class)**

56. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

57. Defendant Pelican or Defendant National Administrative violated the TCPA and the regulations by making, or having its agent make, two or more telemarketing calls within a 12-month period on Defendant Pelican or Defendant National Administrative's behalf to Plaintiff and the members of the Class while those persons' phone numbers were registered on the National Do Not Call Registry.

58. As a result of Defendant Pelican or Defendant National Administrative's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class members are each entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

59. Plaintiff and the Class members are each entitled to an award of treble damages if Pelican or National Administrative's actions are found to have been knowing or willful.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. As a result of Defendants' negligent, willful, and/or knowing violations of 47 U.S.C. 227(c)(5), Plaintiff seeks for himself and each member of the Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

B. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing such Class as the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

C. Such other relief as the Court deems just and proper.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the Complaint so triable.**

Dated: March 18, 2025

Respectfully submitted,

**/s/ Brian K. Murphy**
Brian K. Murphy, Trial Attorney (0070654)
Jonathan P. Misny (0090673)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
(614) 488-0400
(614) 488-0401 facsimile
murphy@mmmb.com
misny@mmmb.com

Anthony I. Paronich (*pro hac vice* to be filed)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Counsel for Plaintiff*